UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RASHEEN ARTERBERRY, | ) | NO. CV 15-6530-KS |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | DENYING PETITION |
| JOE LIZARRAGA, Warden, | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

On August 26, 2015, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The Petition purports to challenge a conviction and/or sentence from March 25, 1999, upon a *nolo contendere* plea, arguing that Petitioner "illegally" was sentenced with two strikes under California's Three Strikes Law from a single case with one case number. (Petition at 2, 5.) Petitioner seeks to withdraw his plea. (Petition at 5-6.)

On December 8, 2015, Respondent filed a Motion To Dismiss ("Motion") the Petition

1

arguing that Petitioner is not "in custody," the Petition is untimely, and all of the claims are unexhausted for failure to present a federal legal theory on which the claims are based to the state courts. (Dkt. No. 16.) On December 8, 2015, all parties consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 2, 15, 20.) On December 16, 2015, Petitioner filed a pleading which the Court has construed as an Opposition to the Motion. (Dkt. Nos. 23-24.) On December 21, 2015, Petitioner filed a Supplemental Opposition to the Motion. (Dkt. No. 25.) On December 30, 2015, Respondent filed a Reply. (Dkt. No. 26.) The matter is now under submission to the Court for decision.

## PRIOR PROCEEDINGS

On March 25, 1999, in Los Angeles County Superior Court Case No. LA031708, Petitioner pleaded *nolo* contendere to two counts of second degree robbery (California Penal Code ("Penal Code") §211). (Petition at 2; Lodg. No. 2 at 2-3 & Exs. 1-2 (Amended Information and Minute Order from probation and sentence hearing).) On May 4, 1999, the trial court sentenced Petitioner to time served in county jail and a 3-year term of probation. *See* Lodg. No. 2, Ex. 2.

Petitioner did not directly appeal his conviction. On December 3, 2014 – 15 years after his conviction – Petitioner filed a petition in the Los Angeles County Superior Court challenging the legality of his sentence and requesting to withdraw his plea. (Lodg. No. 1.) On January 14, 2015, the respondent in those proceedings filed an informal response, arguing that: (1) the petition was untimely; (2) Petitioner had not alleged any basis for relief; and (3) Petitioner may not collaterally attack the validity of a prior conviction used to enhance a sentence since Petitioner had not alleged that he was denied his right to counsel in the prior proceedings. (Lodg. No. 2 (citing, *inter alia*, *Custis v. United States*, 511 U.S. 485 (1994).) On March 3, 2015, the Los Angeles County Superior Court issued a reasoned decision denying relief. (Lodg. No. 3.)

On March 27, 2015, Petitioner presented the same claims in a habeas petition filed with the California Court of Appeal. (Lodg. No. 4.) On April 22, 2015, the California Court of Appeal issued a reasoned decision denying relief, finding that: (1) Petitioner was not in actual or constructive custody in connection with the 1999 conviction; (2) the petition was procedurally barred due to the 15-year delay in seeking relief (citing *In re Clark*, 5 Cal. 4th 750, 765-74, 797-800 (1993)); and (3) Petitioner failed to make out a case for relief. (Lodg. No. 5.)

On May 13, 2015, Petitioner presented the same claims in a habeas petition filed with the California Supreme Court. (Lodg. No. 6.) On July 29, 2015, the California Supreme Court denied relief without comment or citation to authority. (*See* Lodg. No. 7.)

On August 26, 2015, Petitioner filed the instant Petition presenting the same claims as raised in his state petitions.

## DISCUSSION[1]

### I. The Court Lacks Subject Matter Jurisdiction to Consider the Petition

Subject matter jurisdiction over habeas petitions exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" under a conviction once the

---

[1] Although the Petition purports to challenge his March 25, 1999 conviction and sentence in Los Angeles Superior Court Case No. LA031708 (Petition at 2), Petitioner's related state habeas petitions reference proceedings in *People v. Arterberry,* Los Angeles Superior Court Case No. VA116917, in which Petitioner was sentenced as a third strike offender after admitting that he suffered two prior strike convictions in Case No. LA031708. Petitioner has pending a federal habeas petition with this Court challenging his conviction and sentence from Case No. VA116917. *See* Docket in *Arterberry v. Lizarraga*, Case No. CV-15-1061-JFW(KS) (the "Related Case"). The Court takes judicial notice of the record in the Related Case. *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of court records).

3

sentence imposed for the conviction has "fully expired." *Maleng v. Cook*, 490 U.S. at 492. Once a sentence has expired, the collateral consequences of the underlying conviction are not themselves sufficient to render a petitioner "in custody" for federal habeas relief. *Id.*; *see also Manunga v. Superior Court of California Orange County*, 2015 WL 9459775, at *1 (9th Cir. Dec. 24, 2015) (unpublished decision discussing same); *see generally Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.") (internal citation omitted).

As noted above, Petitioner was sentenced on May 4, 1999, to time served and a 3-year term of probation. (Lodg. No. 2, Ex. 2.) Petitioner filed the instant Petition on August 26, 2015. As disclosed during trial on Petitioner's third strike (Los Angeles Superior Court Case No. VA116917, for which Petitioner has filed a federal habeas petition in his Related Case (*see* Footnote 1)), at some point Petitioner violated his probation and ended up serving six and a half years in state prison. *See* Related Case, Reporter's Transcript at 3 (defense counsel reporting same).

Assuming, *arguendo*, that Petitioner violated his probation on the last day of his term and then served time in prison, Petitioner's sentence would have expired no later than some time on or around November 4, 2008 (nine and a half years after it was imposed). It appears that Petitioner completed service of the sentence for the conviction challenged in the present Petition *at least six years* before the date he filed the present Petition. Thus, Petitioner was not "in custody" under the challenged conviction at the time he filed the present Petition. *See Maleng v. Cook,* 490 U.S. at 492. Accordingly, habeas jurisdiction is unavailable.

4

**II.     The Petition is Untimely**

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

**A. The Commencement Date**

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

5

> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Supreme Court has described these four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period as follows:

> [Section] 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A). *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases"). In this case, Petitioner's conviction became final on July 3, 1999 – 60 days after Petitioner was sentenced. *See* Cal. R. Ct. 8.308(a). The statute of limitations would have commenced on July 4, 1999, and would have expired on July 3, 2000, absent a later commencement date.

Petitioner does not allege and the Court discerns no basis for finding that any unconstitutional state action impeded Petitioner from filing the Petition for a later commencement date under Section 2244(d)(1)(B). Nor does Petitioner allege or the Court

6

find that Petitioner's claims arise from a constitutional right newly recognized and made retroactively applicable by the Supreme Court for a later commencement date under Section 2244(d)(1)(C).[2]

Petitioner alleges that he did not discover the factual predicate for his claims until October 20, 2011, when he was charged as a third strike candidate in Los Angeles Superior Court Case No. VA116917, and learned that he allegedly had two prior strike convictions from the 1999 case. (*See* Opposition at 1.) The record suggests, however, that Petitioner was on notice that he was being charged with two serious felonies in his 1999 case for purposes of the Three Strikes Law at the time he was arraigned on the Amended Information on April 5, 1999 – well before his conviction in that case became final. (*See* Lodg. No. 2, Ex. 1 (information)); *Cf. Hasan v. Galaza*, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'") (citation omitted). Through reasonable diligence Petitioner could have discovered the factual predicate for his sentencing claim before the date on which his sentence became final.

---

[2] To the extent Petitioner may argue that *People v. Vargas*, 59 Cal. 4th 635 (2014), decided on July 10, 2014, created a newly recognized constitutional right (*see* Opposition at 2), he is not entitled to a later commencement date. The *Vargas* case was a *California* Supreme Court case and, in any event, did not find as Petitioner claims that two prior convictions from a single act cannot count as two strikes or must be tried separately to count as two strikes. "[F]or purposes of a Three Strikes sentence, 'the fact that [the defendant's] prior convictions were adjudicated in a single proceeding does not mean that they constitute one prior conviction; two strikes can arise from one case.'" *Ramirez v. Castro*, 365 F.3d 755, 758 n.3 (9th Cir. 2004) (quoting *People v. Superior Court (Arevalos)*, 41 Cal. App. 4th 908, 916 (1996)). In *Vargas*, the California Supreme Court considered "whether two prior convictions arising out of a single act *against a single victim* can constitute two strikes under the Three Strikes Law" and "conclude[d] they cannot." (*Id.* at 637) (emphasis added). Here, unlike in *Vargas*, the March 25, 1999 convictions involved two robbery victims, not one. (Lodg. No. 2, Exs. 1-2). *Vargas* expressly acknowledged that a sentencing court may impose a third strike sentence under circumstances where the defendant's "two previous qualifying felony convictions were for crimes so closely connected in their commission that they were tried in the same proceeding. . . because the Three Strikes law does not require that prior convictions, to qualify as strikes, be brought and tried separately." (*Vargas*, 59 Cal. 4th at 638 (citation omitted).) Similarly, "where the offender's previous two crimes could not be separately punished at the same time they were adjudicated because they were committed during the same course of conduct, we held such close factual and temporal connection did not prevent the trial court from later treating the two convictions as separate strikes when the accused reoffended." (*Id.* (citations omitted).) Petitioner's conviction on two robbery counts involving separate victims on separate days does not run afoul of *Vargas*.

7

Assuming, *arguendo,* that Petitioner thought he was pleading to only one strike conviction in 1999 and did not learn that his conviction could count as two strikes until he was charged in October 20, 2011 (Lodg. No. 8), for a later commencement date under Section 2244(d)(1)(D) – which does not suggest the exercise of due diligence required for a later commencement date -- the Petition would still be untimely. The statute of limitations would have commenced to run on October 21, 2011, and absent tolling, would have expired on October 20, 2012. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d at 1245-47 (the limitations period begins to run on the day after the triggering event under Fed. R. Civ. P. 6(a)). Petitioner constructively filed his federal habeas petition on August 13, 2015 (Petition at 11), more than two years after the expiration of the limitations period. The Petition is time-barred absent some basis for tolling.

**B. Statutory Tolling is Not Available to Render the Petition Timely**

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay.*" Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Here, however, the limitations period expired more than two years before Petitioner constructively filed his first state habeas petition raising the claims herein (Lodg. No. 1 at 6 (signed on November 24, 2014)), and, consequently, Petitioner is not entitled to statutory tolling based on the filing and pendency of any of his state habeas petitions. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), *cert. denied*, 540 U.S.

8

924 (2003); *see also Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (finding that the petition was facially untimely, because the petitioner did not file his state petition until after the limitations period expired).

### C. Equitable Tolling is Not Available to Render the Petition Timely

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland v. Florida*, 560 U.S. at 645-49. However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"), *cert. denied*, 558 U.S. 897 (2009); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. at 418. Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645 (citation omitted).

Petitioner has not suggested, and the record does not indicate, that some extraordinary circumstance prevented timely filing. *See generally* Opposition and Supplemental Opposition. Accordingly, he is not entitled to equitable tolling, and the Petition remains untimely.

\\
\\
\\
\\
\\
\\

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that: (1) Respondent's Motion To Dismiss is GRANTED; (2) the Petition is dismissed for lack of subject matter jurisdiction and as untimely; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: January 11, 2016

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE